No. 23,278.

THE STATE OF KANSAS, *Appellee,* v. MAHLON GROENMILLER, *Appellant.*

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Failure to Cut and Trim Hedge Fences—Insufficient Complaint.* In a prosecution under section 4826 of the General Statutes of 1915, as amended by chapter 253 of the Laws of 1919, for failing to cut and trim a hedge fence along a public highway, it is necessary that the complaint point out the fence with some degree of particularity, and a general charge that the defendant neglects and refuses to keep all hedge fences cut and trimmed along the public highway on land belonging to him in a certain township is insufficient.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed April 9, 1921. Reversed.

*F. A. Waddle,* of Ottawa, for the appellant.

*Richard J. Hopkins,* attorney-general, and *R. R. Redmond,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a conviction for failing to cut and trim a hedge fence after notice given, under section 4826 of the General Statutes of 1915, as amended by chapter 253 of the Laws of 1919.

The sufficiency of the complaint is attacked. It read:

"That on or about the 25th day of November, 1919, one D. J. English, road overseer of Appanoose Township, Franklin County, Kansas, gave legal notice to this defendant in writing, a copy of which notice is attached hereto, marked Exhibit 'A' and made a part hereof, demanding compliance with hedge law of this State; that although more than thirty (30)

days has elapsed since the serving of the foregoing notice on this defendant, the defendant, Mahlon Groenmiller, willfully and unlawfully neglects and refuses to keep all hedge fences along the public highway on land belonging to said defendant in Appanoose Township, Franklin County, Kansas, cut and trimmed down to not over five feet high, except trees not less than sixteen feet apart and hedges necessary as a protection to orchards, vineyards, and feed lots."

The notice referred to in the complaint was as follows:

"Date Nov. 25. Mr. Mahlon Groenmiller. You will be allowed thirty days from the above date to get your hedge completely trimmed and the brush removed or burned, also the weeds and brush cut along your right of way, to comply with the provisions of the new hedge and weed law."

The statute under which the defendant was prosecuted is section 4826 of the General Statutes of 1915, as amended by chapter 253 of the Laws of 1919, which reads:

"That in any county where the provisions of this act shall be adopted, any owners of real estate failing to comply with its provisions shall be guilty of a misdemeanor after thirty days' notice and may be fined before any justice of the peace of competent jurisdiction in any sum not less than twenty-five dollars, nor more than one hundred dollars, and it shall be the duty of the road overseer in the district in which said real estate is located to give thirty days' notice to the owner of said real estate or his or her duly authorized agent, and upon his or her failing to comply with this act, said overseer shall cut or cause to be cut such hedge not more than five feet high, or shall cut or cause to be cut, said weeds in the public highway along said real estate, as is provided in this act; and the cost of the cutting said hedge or said weeds shall be reported to the county clerk of said county and the same entered on the taxrolls against the said real estate and collected as other taxes of the county are collected, and paid over to the treasurer of the proper township."

Section 4825 of the General Statutes of 1915 must be considered in connection with the statute quoted. That section reads:

"That owners of real estate in any county in the state of Kansas shall keep all hedge fences along the public highway cut and trimmed down to not over five feet high, except trees not less than sixteen feet apart and hedges necessary as a protection to orchards, vineyards and feed lots; said feed lots not to extend more than forty rods. All brush cut from said hedges shall be cleaned up and removed or burned."

Neither the complaint nor the notice specified any particular hedge or road. The defendant may have owned more than one tract of land in Appanoose township in Franklin county; on one tract, the hedges may have been properly trimmed; on

the other, not.  The state may have been prosecuting for a violation of the law on the tract of land on which the hedge was properly trimmed.  To constitute a sufficient complaint, it was necessary to describe definitely in some way the location of the hedge or fence that had been neglected.  Without such description, the defendant would be compelled to prepare a defense on each tract of land in the township, one or more of which he might own, and all the others of which he would not own; evidence could be introduced to prove a violation of the law at any certain place, and some evidence might be introduced tending to show that the defendant owned the tract of land at that place, when he did not own it and could conclusively prove that fact if he had been in some way notified by the complaint that he was being prosecuted for a violation of the law at that particular place.  There was some confusion in the evidence concerning the fence for which the defendant was being tried.  Some of the evidence was about fences owned by the defendant, while some of it apparently referred to a fence owned by a neighbor.  The complaint was defective, and the motion to quash it should have been sustained.

·The judgment is reversed, and the trial court is directed to sustain the motion to quash.